The Honorable Doyle Webb State Senator P.O. Box 1998 Benton, Arkansas 72018-1998
Dear Senator Webb:
This is in response to your request for an opinion on the following two questions:
 1) Can an elected county official provide services to and perform work for a fire protection district organized under Act 35 of 1979, as amended (A.C.A. § 14-284-201 et seq.) and receive remuneration from the district?
 2) Is a fire protection district organized under Act 35 of 1979, as amended, considered to be a county entity for purposes of A.C.A. § 14-14-1202?
I cannot definitively answer your first question without reference to all the pertinent facts surrounding the provision of services. You have not indicated whether the arrangement is one for the provision of services through a contract, or whether the county elected official is actually employed in some capacity by the district. Neither do you indicate the nature of the services provided or the particular county elected official at issue. Each of these factors may affect the applicability of particular statutory provisions. I cannot hypothesize about the applicability of any one of a number of potentially applicable statutes without reference to the facts. One statute, A.C.A. § 14-14-1202 (Supp. 1997), which is referenced in your second question, clearly requires discussion. It is the general statute governing ethics in county government. The pertinent subsection for purposes of your question is subsection (c)(1), which provides as follows:
 (c)(1) RULES OF CONDUCT. No officer or employee of county government shall:
 (a) Be interested, either directly or indirectly, in any contract or transaction made, authorized, or entered into on behalf of the county or an entity created by the county, or accept or receive any property, money, or other valuable thing, for his use or benefit on account of, connected with, or growing out of any contract or transaction of a county. If, in the purchase of any materials, supplies, equipment, or machinery for the county, any discounts, credits, or allowances are given or allowed, they shall be for the benefit of the county. It shall be unlawful for any officer or employee to accept or retain them for his own use or benefit. [Emphasis added.]
Clearly, an elected county official is a person covered by the provisions of the statute above. See A.C.A. § 14-14-1202(b)(1)(A). Your second question focuses on whether such an official may be interested in a contract or transaction entered into with a fire protection district organized under A.C.A. §§ 14-284-201 et seq. The relevant language above prohibits a county officer from having an interest in a transaction "made . . . on behalf of the county or an entity created by the county. . . ." The question becomes whether such a fire protection district can be classified as "the county" or "an entity created by the county" for purposes of this prohibition. As to the former, it appears that any contract or transaction of a fire protection district would be made on behalf of the district and not the county. See generally, A.C.A. §14-284-211(1) (giving the district the authority to "[e]xecute contracts and other instruments for and in behalf of the district. . . .") (Emphasis added). It does not appear, therefore, that a contract with such a fire protection district would be one entered into "on behalf of the county."
The question of whether such a district is "an entity created by thecounty" for purposes of applying the prohibition is a little more complicated. Fire protection districts organized under Act 35 of 1979, as amended, are created in one of three ways: 1) by ordinance of the quorum court after notice and a hearing; 2) by the county court after an election of the qualified electors of the proposed district; or 3) by the county court after a unanimous vote of suburban improvement district commissioners to convert to a district subject to A.C.A. § 14-284-201 etseq. See A.C.A. § 14-284-203 (Supp. 1997). It appears clear with regard to the first method, where the quorum court simply creates the district by ordinance, that such a fire protection district would be "an entity created by the county." In such case, in my opinion, a county elected official would be prohibited by A.C.A. § 14-14-1202 from being interested in a contract or transaction entered into on behalf of the district.[1]
The plain language of the prohibition is in my opinion invoked, notwithstanding the allegation that no "county funds" are involved. (Fire protection districts organized under A.C.A. §§ 14-284-201 et seq. are supported by assessments for benefits which are collected from residents of the district by the county collector along with county taxes. The collector, after deducting his fee and the clerk's fee, remits the balance of the assessments to the secretary-treasurer of the fire protection district). See A.C.A. § 14-284-215 (Supp. 1997).
The issue of whether an Act 35 fire protection district is "an entity created by the county" is less clear as regards a district created by one of the other two methods provided for in A.C.A. § 14-284-203. Where a district is created by an election of the voters of the district, the county court is then obligated to formalize the creation with the entry of a county court order. See A.C.A. § 14-284-208(a) (stating that upon an affirmative vote of the electors the county court "shall enter an order establishing the district . . ."). The same is true of the conversion of a suburban improvement district. If the board of commissioners of a suburban improvement district unanimously votes to convert to a fire protection district under A.C.A. §§ 14-284-201 et seq., the county court "shall enter an order establishing the district." A.C.A. §14-284-208(a). It is unclear whether a district created by either of these methods is "an entity created by the county" for purposes of A.C.A. § 14-14-1202. It appears that the county court's duty in such regard is purely ministerial under state law, and that no deliberative action of the "county" is undertaken to create the district. In such circumstances, it is arguable whether the A.C.A. § 14-14-1202 prohibition would apply.
Again, however, I cannot come to any definitive resolution of a particular contract or transaction without reference to all the facts. I hope the foregoing analysis of A.C.A. § 14-14-1202 is helpful to you. Other statutory or constitutional provisions way also be implicated, however, even if A.C.A. § 14-14-1202 is not, depending upon the facts.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] There is an exception in the ethics statute, however, which applies in instances where the quorum court has passed an ordinance authorizing the contract or transaction in light of "unusual circumstances."